UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
TERESA RECUPERO               :   Civ. No. 3:18CV01413(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :   July 2, 2020
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b) [Doc. #34]**

Plaintiff Theresa Recupero ("plaintiff") has filed a supplemental motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of attorney's fees in the amount of $1,944.50. See Doc. #34 at 1. Plaintiff seeks this amount in addition to the $8,747.50 previously awarded on February 28, 2020, see generally Doc. #33, for a total amended fee award of $10,691.50. See Doc. #34 at 2.[1] Defendant, Andrew M. Saul, Commissioner, Social Security Administration ("defendant") has not filed a response to plaintiff's supplemental motion. For the reasons articulated below, plaintiff's Supplemental Motion for Attorney's Fee Pursuant to 42 U.S.C. §406(b) [**Doc. #34**] is **GRANTED**, absent objection, in the total amount of **$10,691.50**.

---

[1] Plaintiff's counsel represents that he has not yet received payment of the $8,747.50 previously awarded. See Doc. #34 at 1 n.1.

1

**The award of $10,691.50 <u>supersedes and replaces</u> the $8,747.50 in attorney's fees previously awarded by the Court on February 28, 2020. <u>See</u> Doc. #33.**

**A.   <u>Background</u>**

The Court presumes familiarity with the general background of this matter, which is set forth in the Court's Ruling on Plaintiff's Motion for Attorney's Fee Pursuant to 42 U.S.C. §406(b). <u>See</u> Doc. #33 at 1-4. The Court recites only that background relevant to the motion that is now before the Court.

On June 13, 2019, the undersigned granted plaintiff's motion to reverse the decision of the Commissioner, to the extent that plaintiff sought a remand for further administrative proceedings. <u>See</u> Doc. #22. Judgment entered on that same date. [Doc. #23].

On September 10, 2019, the parties filed a Stipulation for Allowance of Fees under the Equal Access to Justice Act. [Doc. #24]. Shortly thereafter, counsel for plaintiff filed a Statement of Plaintiff's Attorney's Time re: Stipulation for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. §2412(d). [Doc. #25]. On September 12, 2019, the Court granted and so ordered the fee stipulation in the amount of $7,000. <u>See</u> <u>generally</u> Doc. #26.

On November 24, 2019, counsel for plaintiff filed a motion seeking an award of $8,747.63 in attorney's fees pursuant to 42

2

U.S.C. §406(b). See Doc. #27. On February 28, 2020, the Court granted that motion, and awarded plaintiff's counsel $8,747.50 in attorney's fees. See generally Doc. #33.[2]

On May 31, 2020, counsel for plaintiff filed a Supplemental Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b). [Doc. #34]. Plaintiff seeks a supplemental award of attorney's fees in the amount of $1,944.50. See Doc. #34 at 1. Plaintiff seeks this amount in addition to the attorney's fees previously awarded, $8,747.50, for a total amended award of $10,691.50. See id. at 1-2.

Plaintiff states: "At the time that the Motion for Attorney's Fee Pursuant to 42 USC §406 (b) (Document #27) was made, the Social Security Administration had advised that it was withholding the sum of $11,785.00 (25% of the plaintiff's retroactive benefit) for the satisfaction of approved attorney's fees." Doc. #34 at 2 (sic).[3] However,

> [b]y "Amended Notice of Award" dated May 27, 2020 ... the Social Security Administration issued new advice, advising for the first time that the amount withheld in anticipation of payments to the attorney. The attorney fee period is April 2016 through October of 2019. The

---

[2] The amount awarded differed slightly from that requested by plaintiff because an amended Notice of Award issued after plaintiff had filed the motion for attorney's fees. See Doc. #27-1 at 3; see also Doc. #33 at 6.

[3] The reference to $11,785.00 appears to be a typographical error. The amended award filed by defendant in response to plaintiff's original motion states that the SSA "withheld $8,747.50" for the payment of attorney's fees. Doc. #31 at 2.

3

>     sum of $10,691.50 was withheld. This presumably includes
>     the $8,747.50 previously ordered and not paid.

Doc. #34 at 2 (sic). Counsel for plaintiff "requests that the total sum of $10,691.50 (consisting of $8,747.50 previously awarded, plus $1,944.00 sought herein) be awarded to counsel, representing 25% of the total past-due benefit." Id.

**B.   Legal Standard**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and

4

the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v.

5

Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.   Discussion**

Plaintiff's counsel states, as he did in his original motion: "The undersigned, and the plaintiff, had agreed that the fees charged by the undersigned for work before the Social Security Administration and this Court would not exceed 25% of past due benefits." Doc. #34 at 3; see also Doc. #27 at 3. Considering the representations of plaintiff's counsel, and the factors recited in Sama, the requested amended fee is reasonable.

First, there is no evidence that the proposed amended fee is out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2. As previously determined by the Court, and reiterated here, plaintiff's counsel achieved a fully favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits. See Doc. #33 at 7.

Second, and again as previously determined by the Court, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee. See id.

6

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 2921661, at *2 (quotation marks omitted). Plaintiff's counsel spent 36.10 hours working on this case at the District Court level. See Doc. #25 at 1. The EAJA fees previously awarded in this action totaled $7,000 for 36.10 hours of work. See Doc. #26. The amended fee now requested pursuant to 406(b) - $10,691.50 – translates to an hourly rate of $296.16, which is still significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama, 2014 WL 2921661, at *4 (approving section 406(b) fee award at an effective hourly rate of $785.30); Joslyn, 389 F. Supp. 2d at 455-57 (approving section 406(b) fee award at an effective hourly rate of $891.61); Destefano v. Astrue, No. 05CV03534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award with an hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that the amended fee now requested pursuant to section 406(b) is reasonable and would not be a windfall to plaintiff's counsel.

As acknowledged by plaintiff's counsel, he must return to plaintiff the $7,000.00 previously awarded by the Court under the EAJA. See Doc. #34 at 5; see also Doc. #27 at 5; Gisbrecht, 535 U.S. at 796 ("Congress harmonized fees payable by the

7

Government under EAJA with fees payable under §406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." (citation and internal quotation marks omitted)).

**D.   Conclusion**

For the reasons set forth herein, plaintiff's Supplemental Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b) [**Doc. #34**] is **GRANTED**, absent objection. Plaintiff's counsel is entitled to attorney's fees in the total amended amount of **$10,691.50. The award of $10,691.50 supersedes and replaces the $8,747.50 in attorney's fees previously awarded by the Court on February 28, 2020. See Doc. #33.**

Upon receipt of the amended award, Attorney Katz is ordered to refund to plaintiff the amount of **$7,000,** and to thereafter file a certification on the docket that he has done so.

SO ORDERED at New Haven, Connecticut this 2nd day of July, 2020.

                                                   /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE